IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MORRIS SENIOR LIVING, LLC and | ) | Case No. 12-05364 |
| MORRIS REAL ESTATE HOLDINGS II | ) | (Jointly Administered) |
| LLC, | ) | Hon. Janet S. Baer |
| | ) | |
| Debtors. | ) | Hearing Date:   May 22, 2012 |
| | ) | Hearing Time:   9:30 a.m. |

## NOTICE OF MOTION

TO:    See attached service list

**PLEASE TAKE NOTICE** that on Tuesday, May 22, 2012, at 9:30 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Janet S. Baer of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, or any Judge sitting in his place or stead, in courtroom 615 of the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, and then and there present the **MOTION OF CHAPTER 11 TRUSTEE TO APPROVE AGREED FINAL ORDER AMENDING ORIGINAL ORDER AUTHORIZING USE OF CASH COLLATERAL AND PERMITTING POSTPETITION FINANCING, IF NECESSARY,** a copy of which is attached hereto and hereby served upon you.

/s/ Brad A. Berish
BRAD A. BERISH, ESQ. (ARDC #6200891)
**ADELMAN & GETTLEMAN, LTD.**
53 West Jackson Boulevard, Suite 1050
Chicago, Illinois 60604
Telephone: 312-435-1050
Facsimile: 312-435-1059
*Counsel to Gregg Szilagyi, Chapter 11 Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Notice of Motion and document referred to herein was served upon the persons listed on the attached Service List via ECF and/or overnight mail, as indicated, on May 4, 2012.

/s/ Brad A. Berish
Brad A. Berish, Esq.

93820

# SERVICE LIST

## VIA ECF

Patrick S. Layng
USTPRegion11.ES.ECF@usdoj.gov

Stephen G Wolfe
steve.g.wolfe@usdoj.gov,
jennifer.r.toth@usdoj.gov

*Counsel for Cheese Merchants of America, LLC*
Yeny C. Estrada, Esq.
yestrada@edwardswildman.com,
kconnor@edwardswildman.com,
ECFFilings@edwardswildman.com

*Counsel for Morris Real Estate Holdings II, LLC*
David A. Newby
dnewby@comanderson.com

*Counsel for Northbrook Bank & Trust*
Jean Soh, Esq.
jsoh@polsinelli.com

*Counsel for Northbrook Bank & Trust*
Jerry L Switzer, Esq.
jswitzer@polsinelli.com

*Counsel for Morris Healthcare & Rehabilitation Center, LLC*
Terence G. Banich, Esq.
tbanich@shawgussis.com
kdevries@shawgussis.com

*Counsel for Morris Healthcare & Rehabilitation Center, LLC*
Peter J. Roberts, Esq.
proberts@shawgussis.com

Gregg Szilagyi
gs@tailserv.com,
gszilagyi@ecf.epiqsystems.com,
gszilagyi@epiqtrustee.com

## 20 LARGEST CREDITORS
## VIA OVERNIGHT MAIL

Grundy County Assessor
111 East Washington Street, Room 33
P.O. Box 689
Morris, IL  60450-0689

Wells Fargo
Gail Klewin - WF 8913
P.O. Box 1450
Minneapolis, MN  55484-8113

William Blair & Company
222 West Adams Street
Chicago, IL  60606

Comcast Cable
P.O. Box 3002
Southeastern, PA  19398-3002

Edward Don Sharon
2562 Paysphere Circle
Chicago, IL  60674

Wingren Landscaping
5126 Walnut Avenue
Downers Grove, IL  60515

Glacial Energy of Illinois
P.O. Box 1057
Sandwich, MA  02563

Diamond Insurance Co.
2545 Paysphere Circle
Chicago, IL  60674

HealthCap RRG
P.O. Box 2946
Ann Arbor, MI  48106

Car Outdoor
P.O. Box 2714
Joliet, IL  60434

93820

Countrywide Plumbing
P.O. Box 548
Morris, IL  60450

City of Morris
700 N. Division Street
Aurora, IL  60502

Southwest Town Mechanical Services
10450 W. 163rd Place
Orland Park, IL  60467

CES
2447 Reeves Road
Joliet, IL  60436

FR&R
111 Pfingsten Road, Suite 300
Deerfield, IL  60015

Cimco Dorothea Moody-Bedford
1901 S. Meyers Road
Oakbrook Terrace, IL  60181

South Tower Food Service
50 Eisenhower Lane North
Lombard, IL  60148

AALC
601 W. Monroe Street
Springfield, IL  62704

Morris Healthmart
2405 Sycamore Drive
Morris, IL  60450

Hobart
P.O. Box 2517
Carol Stream, IL  60132

Thyssenkrupp Elevator Corp.
P.O. Box 933004
Atlanta, GA  31193

Standard & Poor
2452 Collection Center Drive
Chicago, IL  60693

**OTHER**
**VIA OVERNIGHT MAIL**

U.S. Foodservice, Inc.
Streator Division
One Quality Lane
Streator, IL  61364

93820

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| MORRIS SENIOR LIVING, LLC and ) | Case No. 12-05364 |
| MORRIS REAL ESTATE HOLDINGS II ) | (Jointly Administered) |
| LLC, ) | Hon. Janet S. Baer |
| ) | |
| Debtors. ) | Hearing Date: May 22, 2012 |
| ) | Hearing Time: 9:30 a.m. |

**MOTION OF CHAPTER 11 TRUSTEE TO APPROVE AGREED FINAL ORDER
AMENDING ORIGINAL ORDER AUTHORIZING USE OF CASH COLLATERAL
AND PERMITTING POSTPETITION FINANCING, IF NECESSARY**

NOW COMES, Gregg Szilagyi, not individually, but solely as the duly appointed and serving Chapter 11 trustee (the "**Trustee**") for the estates (the "**Estates**") of the above captioned debtors (the "**Debtors**"), by and through his counsel, and pursuant to 11 U.S.C. §§ 363 and 364, and Rules 2002, 4001, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), hereby requests the entry of an Agreed Final Order Amending Original Order Authorizing Use of Cash Collateral And Permitting Postpetition Financing, if Necessary (collectively, the "**Estate Financing**" or the "**Motion**"), and in support thereof, respectfully states as follows:

**I.    INTRODUCTION**[1]

    **A.    The Chapter 11 Case**

1.    On February 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "**Code**"). From the Petition Date through April 11, 2012, the Debtors remained in possession of their assets and continued to operate their businesses as a debtor in possession in

---

[1]    Paragraph 18 of this Motion sets forth the principal features of the Estate Financing in accordance with Rule 4001(c) and Local Rule 4001-2.

93818 v2

accordance with 11 U.S.C. §§ 1107 and 1108 in the above-captioned cases (the "**Chapter 11 Cases**"). On February 22, 2012, this Court entered an Order Directing Joint Administration of the Chapter 11 Cases (Doc. No. 18).

2. There has been no committee of unsecured creditors appointed in the Chapter 11 Cases.

3. On April 12, 2012, this Court entered an Order [Doc. No. 87] appointing the Trustee as trustee for the Debtors, thereby taking the Debtors out of possession and placing their assets and businesses under the control of the Trustee.

4. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested in this Motion are Sections 363 and 364 of the Code and Bankruptcy Rule 4001.

### B.   Background of Debtors' Business and Current Cash Collateral Order

5. As of the Petition Date, Morris Senior Living, LLC, an Illinois limited liability company and one of the Debtors ("**Morris SLF**"), operates a 58 unit supportive living facility on the property commonly known as Morris Senior Living, 1221 South Edgewater, Morris, Illinois 60450, which provides services to senior citizens (the "**Facility**"). Currently, the Facility has 61 (est.) residents in the Facility (out of a total potential capacity of 71), and the Debtors have approximately 30 full and part-time employees.

6. The Facility is owned by Morris Real Estate Holdings II LLC, an Illinois limited liability company and one of the Debtors ("**Morris R/E II**"). Morris SLF and Morris R/E II entered into that certain Supportive Living Facility Management Agreement dated as of

2

December 27, 2007 (the "**SLF Agreement**"), whereby Morris R/E II appointed Morris SLF as the operating manager of the Facility with respect to all phases of its operations in the name of and on behalf of Morris R/E II. The Trustee is in the process of retaining an independent manager (the "**Manager**") to assist him in running the Facility.

7.    According to the Debtors' bankruptcy schedules filed in the Chapter 11 Cases (Doc. Nos. 48 filed in the Morris R/E II Case and No. 47 filed in the Morris SLF Case) and/or to the Debtors' Motion For Entry of An Interim Order Authorizing The Use of Cash Collateral (Doc. No. 11 (the "**Initial Cash Collateral Motion**") filed shortly after the Petition Date, (a) Northbrook Bank & Trust (the "**Lender**") holds a first priority security interest in and to all assets of the Debtors, including the Facility and all receivables of the Morris SLF, to secure Lender claims which exceed $8,300,000("**Existing Indebtedness**") [2], (b) there exist only 3 other unsecured claims against Morris R/E II totaling approximately $130,000, and 71 other unsecured claims against Morris SLF totaling approximately $168,000, and (c) the Facility and related assets of the Debtors have a value which total approximately $9,300,000. In summary, the Lender has asserted secured claims against the Debtors' assets which exceed $8,300,000 (but which the Lender asserts exceed $24 million), and the remaining 71 creditors have less than 2% of the claims in the Chapter 11 Cases.[3]

8.    On February 23, 2012, this Court granted the Initial Cash Collateral Motion and entered an Agreed Interim Order Authorizing Use of Cash Collateral (Doc. No. 42 (the "**Original Cash Collateral Order**")) under which, *inter alia*, (a) the Debtors were authorized to

---

[2]    As is more fully set forth in the Agreed Order (hereafter defined and attached hereto as Exhibit A), the Lender asserts that pursuant to various Loan Documents and cross-collateralization agreements, the Facility actually secures Lender claims against the Debtors and related entities that total in excess of $24 million.

[3]    The Trustee has not yet verified, reviewed, or otherwise analyzed the Debtors' creditors claims in these Chapter 11 Cases.

3

use cash collateral for approximately one month pursuant to the terms described therein, including a one month budget attached thereto, and (b) a final hearing was set on the Initial Cash Collateral Motion for March 21, 2012. Notice of the Original Cash Collateral Order was served by counsel for the Debtors to the 20 largest unsecured creditors, the Office of the United States Trustee, and any other parties having appeared in the Chapter 11 Cases. (See, Doc. No. 45). Thus, all interested parties required by the Rules have already received notice of the Original Cash Collateral Order. Thereafter, the terms of the Original Cash Collateral Order were continued by Minute Orders entered on March 21, March 27, April 5, April 12, and April 25, 2012. No final Order was ever entered with respect to the Original Cash Collateral Order.

9.      Currently, the Original Cash Collateral Order is set for status on May 10, 2012 at 10:30 a.m., but will be continued by the Trustee and Lender to the hearing on this Motion on May 22, 2012.

C.      **Need for Estate Financing**[4]

10.     Since his appointment, the Trustee has worked closely with the Manager and the Lender to review and assess the current operations and financing needs of the Facility. It is the Trustee's primary objective to continue to operate the Facility with the ultimate goal of maximizing the assets of these Estates for the benefit of creditors. To accomplish this, the Trustee must be permitted to continue to use cash collateral, as defined in Section 363(a) of the Code (the "**Cash Collateral**") and, if necessary, to borrow postpetition debt to meet normal operating expenses in these Chapter 11 Cases (the "**Postpetition Advances**").

11.     Section 363(c)(2) of the Code prohibits the Trustee from using Cash Collateral without the consent of the Lender or Order of this Court. In addition, the Trustee and the

---

[4]     Capitalized terms not otherwise defined herein shall have the meaning set forth in the Agreed Order.

4

Manager do not believe that the Trustee or the Debtors are able to obtain (1) adequate unsecured credit allowable under §§503(b)(1) or 364(b) of the Code as an ordinary administrative expense, (2) unsecured credit entitled to priority under §364(c)(1) of the Bankruptcy Code, or (3) adequate secured credit under §364(c)(2), (c)(3) or (d)(1) from any source other than the Lender that would be sufficient to enable Debtors to continue its business operations, if such financing were necessary to fund any shortfall in operating income to cover operating or other administrative expenses in these Chapter 11 Cases. Without such Cash Collateral or, if necessary, Postpetition Advances, the Trustee will not be able to operate the Facility and/or maximize the value of the assets of these Estates.

12. The Lender has consented to the Debtors' use of Cash Collateral, and if necessary, to the Debtors' borrowing Postpetition Advances pursuant to the terms of the Agreed Final Order Authorizing Chapter 11 Trustee's Use of Cash Collateral and Granting Related Relief attached hereto as **Exhibit A** (the "**Agreed Order**"), including the one month budget for May 2012 attached thereto (the "**Budget**"). As depicted in the Budget, while it is the Debtors' belief that they have or will have sufficient Cash Collateral to fund most of the required expenses under the Budget or under any future Monthly Budgets, the Lender has also consented to the Trustee borrowing Postpetition Advances, if necessary, pursuant to the terms of the Agreed Order.

## II. RELIEF REQUESTED

### A. Request for Amendment to Original Cash Collateral Order and to Allow Postpetition Financing, if Necessary

13. By this Motion, the Trustee requests the entry of the Agreed Order (exhibit A) which has been negotiated with, and is acceptable to, the Lender, approving the Lender's agreement to consent to the Trustee's use of Cash Collateral and, if necessary, to make

5

Postpetition Advances to the Trustee pursuant to a Budget approved by the Lender until May 31, 2012, or such later date(s) pursuant to subsequently approved Monthly Budgets as may be agreed to by the Lender and the Trustee thereafter.

14. The Agreed Order amends the Original Cash Collateral Order in the following material manner: (a) it provides for more protections for the Trustee, his professionals, and other administrative claimants for any allowable claims incurred in these Chapter 11 Cases through the use of a Carve-Out as more fully set forth in paragraph 19 of the Agreed Order, (b) it provides the Trustee with a longer challenge and investigation period with respect the Lender's claims and liens in these Chapter 11 Cases as provided in paragraph 23 of the Agreed Order, (c) it permits the Trustee to satisfy any outstanding pre-petition real estate taxes that constitute priority liens against the Facility if funding is available under the Budget or subsequently approved Monthly Budgets, and (d) it allows the Trustee, subject to the consent of the Lender, to borrow Postpetition Advances to fund any shortfalls in the Budget or subsequently approved Monthly Budget(s).

15. The initial Budget sets forth all projected cash receipts, sales and cash disbursements (by line item) on a monthly basis for the month of May 2012. As stated, under the Agreed Order, the initial Budget may be followed by additional Monthly Budgets (covering future time periods) if the Lender and the Trustee agree in their respective discretion.

C. **Negotiations in Good Faith**

16. The Lender and the Trustee conducted lengthy, good faith negotiations with respect to the terms and conditions of the Estate Financing, the Budget, and the Agreed Order.

6

D. **Final Hearing and Objection Deadline Pursuant to Rule 4001**

17. The Trustee requests that a final hearing on the Motion on May 22, 2012 at 9:30 a.m., and that any objections to the Motion be filed within 14 days of service of the Motion pursuant to Rule 4001(d)(2&3), or by May 21, 21012.

E. **Identification of Key Provisions in the Agreed Order as Required Under Local Rule 4001-2 and Rule 4002(c)(1(B)**

18. The principal features of the Agreed Order can be described as follows:

Local Rule 4001-2 Disclosures

a. Liens or Rights Granted that are in addition to prepetition liens: Other than replacement liens in all assets ("**Postpetition Liens**") given as adequate protection for the use of Cash Collateral, and the Postpetition Liens given to secure all Postpetition Advances, the Trustee is not directly seeking authority to grant cross-collateralization protection for any of the Estate Financing, but the Trustee hereby discloses that: (i) the Postpetition Liens are subject to the Carve-Out, (ii) adequate protection for use of Cash Collateral and the Postpetition Advances do receive super-priority claim status under Sections 364 and/or 507(b) of the Code, subject to the Carve-Out, and (iii) monthly adequate protection payments may be paid to, and applied by, the Lender to Existing Indebtedness if there is a surplus of cash receipts in any Monthly Budget of more than 125% of the monthly budgeted expenses, in which case 50% of any such surplus shall be paid as adequate protection payments, or if the Trustee and Lender otherwise agree. **Agreed Order, ¶¶ 7, 8, 13, 18 & 19.**

b. Provisions Binding the Estates: Provisions and/or findings that bind the Estates with respect to the validity, perfection and amount of the Lender's lien and debt, and the waiver of claims against the Lender, are not final with respect to the Trustee who shall have until 45 days after the entry of the Agreed Order to challenge any of such findings. However, any other parties in interest have already waived such findings pursuant to the terms of the Original Cash Collateral Order served on all parties in interest required under Bankruptcy Rule 4001 and the fact that the period provided thereunder has expired. **Agreed Order, ¶ H-O & 23.**

c. 506(c) Waiver: Other than the Carve-Out, the Trustee will not assert a claim under Section 506(c) of the Code for any costs and expenses incurred in connection with the preservation, protection, enhancement of, or realization by the Lender upon its Collateral. **Agreed Order, ¶ 19.**

d. Avoidance Actions. No liens are granted to Lender in Avoidance Actions. **Agreed Order, ¶ 7 & 18.**

7

e. <u>Use of Post-Petition Loans to Pay Pre-Petition Debt:</u> It is unknown at this time the extent to which Postpetition Advances will not be needed to be incurred, however, in the event that such advances are incurred, they will not be applied to Prepetition Debt but rather only to fund expenses in the Budget or future Monthly Budgets. **Agreed Order, ¶ 18.**

f. <u>Provisions Related to Professionals Retained by a Creditors' Committee:</u> This does not apply because there is no Creditors' Committee in these Chapter 11 Cases.

g. <u>Priming Liens:</u> The Postpetition Liens which constitute adequate protection for the use of Cash Collateral and which secure all Postpetition Advances shall be first liens on all Collateral other than Avoidance Actions and subject to the Carve-Out. It is unknown whether any other lienors exist other than the Lender, however, notice of this Motion is being served on any potential lienors who have appeared in the lien and UCC searches obtained so far by the Trustee concerning the Debtors and the Facility.

h. <u>Lender Liability.</u> There is no provision declaring that the order does not impose lender liability on the Lender.

i. <u>Relief from Stay:</u> There is no provision granting the Lender relief from the automatic stay.

j. <u>Jointly Administered Case:</u> The Debtors shall be jointly and severally liable for any Post-Petition Debt. **Agreed Order, ¶¶ 18.**

<u>Additional Disclosures Required by Bankruptcy Rule 4001(c)(1)(B) that are not covered above:</u>

k. <u>Borrowing Limit and terms for Postpetition Advances:</u> There is no borrowing limit for Postpetition Advances, however, Postpetition Advances are only available to fund shortfalls in the Budget or future Monthly Budgets and it is unknown at this time the scope of any such shortfalls. The interest rate and terms for Postpetition Advances are the same as for the Existing Indebtedness under the existing Loan Documents. **Agreed Order, ¶ 18.**

l. <u>Waiver of Certain Rights</u> – The Agreed Order does not contain any waiver of (i) Plan filing rights, (ii) the right to use cash collateral or obtain other credit, or (iii) the applicability of nonbankruptcy law relating to the perfection of a lien on property of the estate or on the foreclosure or other enforcement of the Lender's liens.

m. <u>Plan Filing Related Deadlines</u> – The Agreed Order does not contain any deadlines concerning the filing of a plan or disclosure statement, for a hearing on confirmation, or for the entry of a confirmation order.

8

### E. Notice of the Motion

19. The Motion was served by ecf or overnight mail to the following parties by at least 14 days prior to the requested hearing date of May 22, 2012: (i) the United States Trustee for the Northern District of Illinois, (ii) each of the Debtors' twenty (20) largest unsecured creditors, (iii) any parties whose names appeared on lien searches obtained by the Trustee to date with respect to assets of the Debtors, and (iv) all parties that have appeared in the Chapter 11 Cases. Such notice is appropriate and adequate under the circumstances. Consequently, adequate notice and opportunity for a final hearing has been given for the approval of the Agreed Order pursuant with the provisions of Sections 363 and 364 of the Code, and Rules 2002, 4001 and 9014 of the Bankruptcy Rules, and any other applicable law, and no further notice relating to the entry of the Agreed Order is necessary or required.

WHEREFORE, Gregg Szilagyi, not individually, but solely as the duly appointed and serving Chapter 11 trustee herein, respectfully requests the entry of the Agreed Order in accordance with the foregoing recommendations in the form filed herewith and made a part hereof without further notice, and for such other and further relief as is just.

Respectfully submitted,

GREGG SZILAGYI, CHAPTER 11 TRUSTEE For the Estates of Morris Senior Living, LLC, and Morris Real Estate Holdings II LLC

By: /s/ Brad A. Berish
      One of his attorneys

BRAD A. BERISH, ESQ. (ARDC#06200891)
NATHAN Q. RUGG, ESQ. (ARDC #6272969)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Blvd., Suite 1050
Chicago, Illinois 60604
Tel (312) 435-1050
Fax (312) 435-1059
**Counsel for the Chapter 11 Trustee**