## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MORRIS SENIOR LIVING, LLC and | ) | Case No. 12-05364 |
| MORRIS REAL ESTATE HOLDINGS II | ) | (Jointly Administered) |
| LLC, | ) | Hon. Jacqueline P. Cox |
| | ) | |
| Debtors. | ) | Hearing Date: December 3, 2013 |
| | ) | Hearing Time: 9:30 a.m. |

### NOTICE OF MOTION

To: See Attached Service List

PLEASE TAKE NOTICE that we shall appear on **Tuesday, December 3, 2013, at 9:30 a.m.,** we shall appear before the Honorable Jacqueline P. Cox of the United States Bankruptcy Court, Northern District of Illinois, in Courtroom 680 in the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois, and then and there present the **COMBINED MOTION OF CHAPTER 11 TRUSTEE TO CLOSE CASES (OR, IN THE ALTERNATIVE TO DISMISS CASES), ALLOW AND PAY FINAL FEES AND EXPENSES OF PROFESSIONALS AND TRUSTEE, ABANDON CERTAIN ASSETS, DISTRIBUTE REMAINING CASH TO SECURED LENDER, AND FOR RELATED RELIEF**, a copy of which is hereby served upon you.

> BRAD A. BERISH, ESQ. (ARDC #06200891)
> ADELMAN & GETTLEMAN, LTD.
> 53 West Jackson Blvd., Suite 1050
> Chicago, Illinois 60604
> (312) 435-1050
> Fax (312) 435-1059
> **Counsel for Chapter 11 Trustee**

### CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the Notice and Motion referenced herein were served upon the parties listed on the service list attached, via ECF and/or First Class Mail on November 11, 2013. Please note that parties receiving service via First Class Mail are being served without exhibits. Exhibits, however, will be provided upon request.

By:   /s/ Brad A. Berish

241345

## SERVICE LIST - SALE MOTION
### CASE NO. 12-05364 (Jointly Administered)

**VIA ECF**

Patrick S. Layng
Stephen G Wolfe
219 S. Dearborn Street, Room 873
Chicago, IL 60604

Yeny C. Estrada, Esq.
Edwards Wildman Palmer LLP
225 West Wacker Drive, Suite 3000
Chicago, IL 60606

Maurice J. Salem, Esq.
Salem Law Office
7156 W 127th Street, B-149
Palos Heights, IL 60463

Jean Soh, Esq.
Jerry L. Switzer, Esq.
Polsinelli Shughart, P.C.
161 N. Clark Street, Suite 4200
Chicago, IL 60601

Steve Jakubowski, Esq.
Robbins, Salomon & Patt, Ltd.
180 N. LaSalle Street, Suite 3300
Chicago, IL 60601

Michael L. Ralph, Sr., Esq.
Ralph, Schwab & Schiever, Chtd.
175 E. Hawthorn Pkwy, Suite 345
Vernon Hills, IL 60061

Gregg Szilagyi
542 S. Dearborn Street, Suite 1400
Chicago, IL 60605

**MORRIS SENIOR LIVING, LLC -
PROOF OF CLAIM CREDITORS -
VIA FIRST CLASS**

Amboy Nursing Acquisition & Management, LLC
c/o Suzanne Koenig
SAK Management Services, LLC
One North Plaza, Suite 480
Northfield, IL 60093

American Express Bank, FSB
c/o Becket and Lee LLP
POB 3001
Malvern, PA 19355-0701

Arthur Peacock
c/o John Rooks
PO Box 685, 105 W. Main St
Morris, IL 60450

Illinois Bell Telephone Company
c/o AT&T Services, Inc.
James Grudes, Esq.
One AT&T Way, Room 3218
Bedminster, NJ 07921

Cheese Merchants of America LLC
Edwards Wilman Palmer LLP
c/o Marcia Owens/Yeny C. Estrada
225 W. Wacker Drive
Suite 3000
Chicago, IL 60606

Commonwealth Edison Co.
Attn: Bankruptcy Section
3 Lincoln Center
Oakbrook Terrace, IL 60181

Commercial Electric Systems, Inc.
2447 Reeves Road
Joliet, IL 60436

Edward Don & Company, Inc.
2500 S. Harlem Avenue
North Riverside, IL 60546

Glacial Energy of Illinois, Inc.
24 Route 6A
Sandwich, MA 02563

Eduardo E. Greco, Jr.
Edwards Wildman Palmer LLP
c/o Marcia Owens/Yeny C. Estrada
225 W. Wacker Drive
Suite 3000
Chicago, IL 60606

Greco & Sons, Inc.
Edwards Wildman Palmer LLP
c/o Marcia Owens/Yeny C. Estrada
225 W. Wacker Drive
Suite 3000
Chicago, IL 60606

HD Supply
PO Box 509058
San Diego, CA 92150

Healthcap RRG
PO Box 2946
Ann Arbor, MI 48106

Morris Healthcare & Rehabilitation Center, LLC
c/o Kim Westerkamp
1111 Pasquinelli Drive
Suite 450
Westmont, IL 60559

Murphey, Josephine I.
1221 S. Edgewater Drive
Apt. 118
Morris, IL 60450

Nicor Gas
PO Box 549
Aurora, IL 60507

Personnel Planners, Inc.
913 W. Van Buren N-3A
Chicago, IL 60607

Prairie Farms Fairy, Inc.
2406 McDonough Street
Joliet, IL 60436

Unidine Corporation
Attn: David Silva, CFO
1000 Washington Street
Suite 510
Boston, MA 02118-2798

**MORRIS REAL ESTATE
HOLDINGS II, LLC -
PROOF OF CLAIM CREDITORS -
VIA FIRST CLASS**

Alpha Banking Co., Inc.
5001 W. Polk Street
Chicago, IL 60644

Amboy Nursing Acquisition & Management, LLC
c/o Susanne Koenig/SAK Management Services,
LLC
One Northfield Plaza, Suite 480
Northfield, IL 60093

Cheese Merchants of America, LLC
Edwards Wildman Palmer, LLC
c/o Marcia Owens & Yeny C. Estrada
225 W. Wacker Drive, Suite 3000
Chicago, IL 60606

Eduardo E. Greco
Edwards Wildman Palmer, LLC
c/o Marcia Owens & Yeny C. Estrada
225 W. Wacker Drive, Suite 3000
Chicago, IL 60606

Greco & Sons, Inc.
Edwards Wildman Palmer, LLC
c/o Marcia Owens & Yeny C. Estrada
225 W. Wacker Drive, Suite 3000
Chicago, IL 60606

Northbrook Bank & Trust Co.
c/o Jerry L. Switzer, Jr.
Polsinelli Shughart PC
161 N. Clark Street
Suite 4200
Chicago, IL 60601

Personnel Planners, Inc.
PO Box 803937
Chicago, IL 60680-3937

**MORRIS SENIOR LIVING, LLC -
SCHEDULED CREDITORS FILING NO
CLAIM - VIA FIRST CLASS**

AALC
601 W. Monroe Street
Springfield, IL 62704

Accurate Biometrics
4849 N. Milwaukee
Chicago, IL 60630

Ace Hardware
221 Bedford Road
Morris, IL 60450

Advanced/PLM Sales
1435 Holmes Road
Elgin, IL 60123

Agnes Peterson
107 George St
Morris, IL 60450

Alarm Detections Systems
111 Church Road
Aurora, IL 60506

Allied Waste
808 S. Joliet Street
Joliet, IL 60436

Alpha Banking CO., Inc.
5001 W. Polk Street
Chicago, IL 60644

American Drug Stores
1414 N. Division Street
Morris, IL 60450

Amsam
26 East Fleming Pike
Winslow, NJ 08095

Ayers Electric
PO Box 567
Morris, IL 60450

Barbara Mattson
242 Greenbriar Road
Yorkville, IL 60560

Becmer Sprinkler System
2620 Bridgeland
Woodstock, IL 60089

Car Outdoor Inc.
PO Box 2714
Joliet, IL 60434

Carrie Turner
267 Rivers Edge Drive
Cherry Valley, IL 61016

Carstens
PO Box 99110
Chicago, IL 60693

Charge Card Services
1515 S. Federal Highway
Suite 106
Boca Raton, FL 33432
Cimco
1901 Meyers Road
Oak Brook Terrace, IL 60181

Cintas/Aurora Tri State
1080 Corporate Boulevard
Aurora, IL 60502

City of Morris
700 N. Division Street
Morris, IL 60450

Comcast
PO Box 3001
Southeastern, PA 19398

Countrywide Plumbing
PO Box 548
Morris, IL 60450

Diamond Insurance
2545 Paysphere Circle
Chicago, IL 60674

Eco Water Systems
1811 N. Division Street
Morris, IL 60450

Ecolab
PO Box 70343
Chicago, IL 60673

Eichenaur Services
2465 N. 22nd Street
Decauter, IL 62526

Estate of Tommy Anderson
26617 S. Samantha Court
Channahon, IL 60410

Fedex
PO Box 94515
Palatine, IL 60094

FR and R
111 Pfingstein Road
Suite 300
Deerfield, IL 60015

Gibson, Leonard
327 Liberty
Morris, IL 60450

Grundy County Broadcasters
219 W. Washington Street
Morris, IL 60450

Grundy County Chambers of Commerce
909 N. Liberty Street
Morris, IL 60450

Grundy County Health Department
1320 Union Street
Morris, IL 60450

Hobart
PO Box 2517
Carol Stream, IL 60132

Jewel Osco Pharmacy
1414 N. Division Street
Morris, IL 60450

Julianna Godsey
225 San Carolos Road
Minooka, IL 60447

Liturgal Publications
PO Box 510817
New Berlin, WI 53151

Living Design
47015 SD Highway 44
Worthing, SO 57077

Mabel Claypool
17180 Park Circle
Eden Prairie, MN 55346

Martha/Manfred Fritz
5152 Greystone Drive
Bettendorf, Iowa 52722

Marvis Borens
400 Jennings Drive
Morris, IL 60450

Midwest Time Recorder
7964 S Madison Street
Burr Ridge, IL 60527

Morris Daily Herald
1804 Division Street
Morris, IL 60450

Morris Healthmart
2405 Sycamore Drive
Morris, IL 60450

Pitney Bowes
PO Box 371896
Pittsburgh, PA 15250

Quick Kill Pest
914 E Main Street
Streator, IL 61364

South Town Food Service
50 Eisenhower Lane North
Lombard, IL 60148

Southwest Town Mechanical Services
10450 W 163rd Place
Orland Park, IL 60467

Standard and Poor
2452 Collection Center Drive
Chicago, IL 60693

Thyssenkrupp Elevator Corp.
PO Box 933004
Atlanta, GA 31193

TJ Earthscapes
1010 Quail Drive
Morris, IL 60450

Tohtz Consulting
254 Wilcox Court
Bartlett, IL 60103

Turf Team
4620 W Rt. 6
Morris, IL 60450

USA Direct Inc.
1907 East Ridge Road
Layton, UT 84040

US Foods
1829 Solution Center
Chicago, IL 60677

Wingren Landscaping
5126 Walnut Avenue
Downers Grove, IL 60515

**MORRIS REAL ESTATE
HOLDINGS II, LLC**

**SCHEDULED CREDITORS FILING NO
CLAIM - VIA FIRST CLASS**

Grundy County Assessor
111 East Washington Street
Room 33
P.O. Box 689
Morris, IL  60450

Wells Fargo Bank
WF 8113 PO Box 1450
Minneapolis, MN  55484

William Blair and Company
222 West Adams Street
Chicago, IL  55484

**GOVERNMENT PARTIES -
VIA FIRST CLASS MAIL**

Centers for Medicare and Medicaid Services
7500 Security Boulevard
Baltimore, MD 21244

Department of Treasury
Internal Revenue Service
P.O. Box 7346
Philadelphia, PA  19101

Illinois Department of Revenue
100 W. Randolph
Bankruptcy Section – Level 7-425
Chicago, IL  60601

Illinois Dept. of Healthcare & Family Service
Bureau of Long Term Care
201 S. Grand Avenue East
Springfield, IL  62763
Attn:  Kelly Cunningham
        Sharon Woods
        Kara Helton

**OTHER PARTIES -
VIA FIRST CLASS MAIL**

Lewis Borsellino
817 St. Stephens Green
Oakbrook, IL 60523

Stephen N. Sher, Esq.
Law Office of Stephen N. Sher, PC
5750 Old Orchard Road, Suite 420
Skokie, Illinois 60077

Lombard Ventures LLC
501 Silverside Raod, Suite 87 AOD
Wilmington, DE  19809

Kimberly Westerkamp Trust
u/a/d December 4, 2007
601 Grant Park Road
Glen Ellyn, IL  60137

Rita Bonnici
2N460 Lloyd Avenue
Lombard, IL  60148

Barbara Mattson
c/o Mark Mattson
8800 S. 85th Avenue
Hickory Hills, IL  60457

Joyce Peacock
c/o Juliana Godsey
225 San Carlos Road
Minooka, IL  60447

Joyce Peacock
c/o Kate Dawe
PO Box 636
Minooka, IL  60447

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MORRIS SENIOR LIVING, LLC and | ) | Case No. 12-05364 |
| MORRIS REAL ESTATE HOLDINGS II | ) | (Jointly Administered) |
| LLC, | ) | Hon. Jacqueline P. Cox |
| | ) | |
| Debtors. | ) | Hearing Date: December 3, 2013 |
| | ) | Hearing Time: 9:30 a.m. |

**COMBINED MOTION OF CHAPTER 11 TRUSTEE TO CLOSE CASES (OR, IN THE
ALTERNATIVE TO DISMISS CASES), ALLOW AND PAY FINAL FEES AND
EXPENSES OF PROFESSIONALS AND TRUSTEE, ABANDON CERTAIN ASSETS,
DISTRIBUTE REMAINING CASH TO SECURED LENDER,
AND FOR RELATED RELIEF**

TO:    THE HONORABLE JACQUELINE P. COX,
       UNITED STATES BANKRUPTCY JUDGE:

NOW COMES Gregg Szilagyi, not individually, but solely as the duly appointed and

serving Chapter 11 trustee (the "**Trustee**") in the above-captioned cases, by and through his

undersigned counsel, for his combined motion (the "**Motion**") To Close Cases (Or, In The

Alternative To Dismiss Cases), Allow and Pay Final Fees and Expenses Of Professionals and

Trustee, Abandon Certain Assets, Distribute Remaining Cash to Secured Lender, and For

Related Relief, and respectfully states as follows:

**I.    INTRODUCTION**

Pursuant to prior Orders of this Court, this past May, the Trustee successfully closed the

sale of the Debtors' senior supportive living facility and thereafter, distributed all of the net sale

proceeds ($7 mil. est.) from that sale to the Lender, who held the only secured (and allowed)

claim in these Chapter 11 Cases against virtually all assets securing claims exceeding $9 million.

Following that payment, and as explained below, the Lender still holds more than $2 million of

234140                                        1

claims secured by virtually all assets, a $195,000 (est.) post-petition loan that also stands as a

superpriority claim in these Cases under the Final Cash Collateral Order, and asserts more than

$15 million of additional claims representing far and away the single largest unsecured creditor

in these Cases. However, following the sale, the only remaining assets of any significance is

cash approximating $577,799 (the "**Cash**"), and a few minor (alleged) assets, all of which are

subject to the Lender's liens or which are payable to the Lender given its priority claims.

As explained herein, the Trustee seeks to distribute or transfer the remaining assets to the

Lender (or otherwise abandon certain other assets), and then close the Cases because (a) the

Lender is the only party entitled to, or with superior rights in, such assets under applicable law or

the Orders entered in these Cases, and (b) these Cases will have been fully administered. In

addition, the Trustee seeks authority to allow and pay the final outstanding fees and expenses of

the Trustee, his general counsel, his accountants, and the Office of the U.S. Trustee, which total

approximately $404,286.63 (the "**Outstanding Fees**") and are entitled to payment from the

remaining Cash under the Carve-out provided for in the Final Cash Collateral Order entered by

this Court.

The Lender has consented to the relief requested herein, and counsel for the U.S. Trustee

has consented to the use of this consolidated motion for the purpose of seeking the combined

relief sought herein. Being that only the Lender has any interest in the remaining assets in these

Cases, no other creditor should have any interest or standing with respect to the relief sought

herein. Nonetheless, the Trustee has served this Motion on all creditors in these Cases.

For the reasons set forth herein, the Trustee requests that (a) the Trustee's and his

professionals' fees be allowed and that the Outstanding Fees be paid from the Cash, (b) that the

remaining Cash be paid to the Lender after payment of the outstanding U.S. Trustee fees and any

234140                                    2

other expenses authorized by the Lender, and (c) that the remaining few and alleged assets

described below be abandoned.

## II.    BACKGROUND

### A.    Jurisdiction, Case Background, and Appointment of Trustee

1.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and

1334. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is

a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The relief sought herein is premised upon

11 U.S.C. §§105, 330, 349, 350, and/or 554, and Rules 2002, 3022, and 6007 of the Federal

Rules of Bankruptcy Procedure.

2.      On February 14, 2012 (the "**Petition Date**"), each of the debtors herein (the

"**Debtors**"), Morris Senior Living, LLC, and Morris Real Estate Holdings II LLC ("**Morris Real

Estate**") filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy

Code, 11 U.S.C. §§ 101 et seq. (the "**Code**"). From the Petition Date through April 11, 2012, the

Debtors remained in possession of their assets and continued to operate their businesses as

debtors in possession under 11 U.S.C. §§ 1107 and 1108 in the above-captioned cases (the

"**Chapter 11 Cases**").

3.      On April 12, 2012, this Court entered that certain Order [Dkt. No. 87] appointing

the Trustee as trustee for the Debtors, thereby taking the Debtors out of possession and placing

their assets and businesses under the control of the Trustee.

4.      There has been no committee of unsecured creditors appointed in the Chapter 11

Cases.

234140                                    3

B.     **The Debtors' Business and The Secured Lender's Allowed Claims**

5.      Until May 29, 2013, the Debtors had owned and operated a 58-unit (71 total

occupancy) senior supportive living facility located at 1221 South Edgewater, Morris, Illinois

(the "**Facility**").

6.      Following his appointment, the Trustee negotiated with Northbrook Bank & Trust

Company, successor to First Chicago Bank and Trust (the "**Lender**") for, and obtained Court

approval of, an Agreed Final Order Authorizing Chapter 11 Trustee's Use of Cash Collateral and

Granting Related Relief (Dkt. No. 133) on June 4, 2012, under which the Lender agreed to allow

the Trustee to use cash collateral, and if necessary, obtain post-petition financing, in order to,

*inter alia*, continue to operate the Facility (the "**Final Cash Collateral Order**").  Under the

terms of the Final Cash Collateral Order, on June 20, 2013, the Lender advanced $195,825.62 to

the Trustee as a Postpetiton Advance (as defined in the Final Cash Collateral Order) to assist

with the satisfaction of significant past due real estate taxes on the Facility, which claim

constituted a Super Priority Claim and Postpetition Lien as defined therein, which advance

remains unpaid today (the "**Postpetition Claim**").

7.      In addition, following his appointment, the Trustee negotiated with the Lender

for, and obtained this Court's approval of, that certain Stipulation And Agreed Order Approving

Rule 9019 Compromise (Dkt. No. 161) ("**Lender Settlement Order**").  Pursuant to the Lender

Settlement Order: (a) the Lender was determined to hold an allowed prepetition claim against the

Debtors, secured by first liens on substantially all assets of the Debtors, including the Facility, in

the amount of $9,350,314.82 (the "**Allowed Lender Secured Claim**").  In addition, as explained

in the Lender Settlement Order, the Lender has asserted additional prepetition claims of in excess

of $15 million secured by the Debtors' assets that arise from loans made to affiliates of the

234140                                          4

Debtors and certain cross-collateralization agreements entered into by the Debtors in 2010 (the "**Deferred Lender Claims**").

**C.    The Recent Sale of the Facility and Distribution of Sale Proceeds to Lender**

8.    On March 21, 2013, this Court entered an Order approving of the Trustee's motion to sell (the "**Asset Sale**") the Facility and related assets of the Debtors to a buyer (the "**Buyer**") for $7,190,000 (Dkt. No. 248) (the "**Sale Order**").  The Sale Order was appealed by the Debtor, Morris Real Estate, however, that appeal was dismissed by a District Court Order entered on May 14, 2013 (Dkt. No. 18 in D.Ct. case no. 13 cv 2457).  No further appeals of that Sale Order were taken, and accordingly, the Sale Order became final and nonappealable, and the Asset Sale subsequently closed on May 29, 2013, and the net proceeds received by the Trustee from the Asset Sale were $7,030,274.55 (the "**Sale Proceeds**").

9.    Thereafter, and pursuant to this Court's Order entered on June 27, 2013 (dkt. no. 305), the Trustee distributed the Sale Proceeds to the Lender, thereby reducing the Lender's allowed prepetition secured claims to $2,156,589.81 (i.e., $9,186,864.36 claim - $7,030,274.55 Sale Proceeds).

**D.    Remaining or Outstanding Claims in the Chapter 11 Cases**

10.    According to the records of the Trustee and the Court Orders entered in these Chapter 11 Cases, the only outstanding and remaining claims in these Chapter 11 Cases are as follows:

a.    The Trustee, and His Professionals', Fees and Expenses, and U.S. Trustee Fees – Pursuant to the Cash Collateral Order, the allowed fees and expenses of the Trustee and his professionals in these Chapter 11 Cases, and the fees of the U.S. Trustee's office, are to be paid as a "Carve-Out" and ahead of the Allowed Secured Claims and the Postpetition Claim of the Lender.  The Trustee and his professionals have incurred and

234140                                                    5

have outstanding the following fees and expenses in these Chapter 11 Cases which the

Trustee' seeks to be allowed under Section 330 of the Code, and the unpaid balance paid

from remaining Cash:

      i.     Trustee Fees – Attached hereto as **Exhibit A** are the invoices of the

Trustee reflecting a total of $336,950 that has been incurred by him as his fees as the

Chapter 11 Trustee in these Chapter 11 Cases from April 3, 2012 until October 7, 2013[1],

which can be summarized as follows:

| Hours | Rate | Value |
|-------|------|-------|
| 673.90 | $500.00 | $336,950 |

The Trustee has received no payments yet in these Chapter 11 Cases, and accordingly,

the entire foregoing amount is outstanding and unpaid.  It should noted that the foregoing

amount is actually more than the statutory compensation for trustees as established under

section 326 of the Code, which is calculated based upon the distributions made in these

Chapter 11 Cases.  Such statutory limitation on the Trustee's fees total $326,615.13 as is

reflected in the worksheet that is on page 1 of Exhibit A hereto, and is based upon those

distributions as reported in the monthly operating reports previously filed in these cases,

the distributions made in connection with the closing of the sale of the Facility, and the

expected distribution of the Cash (excluding the amount expected to be paid to the

Trustee).  Accordingly, as is requested in section III below, the Trustee seeks allowance

of his fees, limited to the amount provided in section 326 of the Code, for $326,615.13

under section 330 of the Code, and also payment of those fees from the remaining Cash.

      ii.    Trustee's Attorneys – Adelman & Gettleman, Ltd. -   The Trustee retained

the law firm of Adelman & Gettleman, Ltd. ("**A&G**"), as his counsel in these Chapter 11

---

[1]     The Trustee has continued to incur additional fees in these Chapter 11 Cases from and after
October 7, 2013, however, he is waiving and will not seek payment of such fees if this Motion is granted.

Cases by Order entered on April 25, 2012 (dkt. no. 103). On May 10, 2012, this Court

entered that certain Order (dkt. no. 111) permitting monthly payments of 90% of fees and

100% of expenses to the Trustee's professionals, including A&G, provided these

professionals submit monthly invoices to the Trustee and counsel to the Lender and the

U.S. Trustee, and no objections are made thereto ("**Monthly Payment Procedure**"). As

is summarized below, A&G has incurred a total of $624,821.00 in fees and $9,226.64 in

expenses for a total of $634,047.64 of fees and expenses from April 5, 2012, to October

29, 2013, as counsel to the Trustee in these Chapter 11 Cases, of which $73,705.10

remains unpaid, after applying (a) $550,342.54 previously received from prior fees

($541,115.90) and expenses ($9,226.64) paid to A&G under the Monthly Payment

Procedure, and (b) a $10,000 retainer which A&G received upon its initial retention that

it is still holding. Copies of A&G invoices evidencing said fees and expenses are

attached hereto as **Exhibit B**, and a summary of those fees by attorney and by category is

provided below:

Summary of A&G Fees By Attorney:

| Attorney | Hours | Rate | Value |
|---|---|---|---|
| Howard L. Adelman | 2.40 | 440 | 1,056.00 |
| Brad A. Berish | 930.60 | 420 | 390,852.00 |
| Brad A. Berish | 3.90 | 430 | 1,677.00 |
| Alexander F. Brougham | 172.70 | 300 | 51,810.00 |
| Erich S. Buck | 43.10 | 300 | 12,930.00 |
| Steven B. Chaiken | 8.20 | 300 | 2,460.00 |
| Henry B. Merens | 10.90 | 440 | 4,796.00 |
| Nathan Q. Rugg | 396.80 | 400 | 158,720.00 |
| Adam P. Silverman | 1.30 | 400 | 520.00 |
| Totals: | 1,569.90 | | 624,821.00 |

234140                                   7

Summary of A&G Invoices By Category:

| Description | Total Hours | Time Value |
|---|---|---|
| Administrative | 376.40 | 154,915.00 |
| Cash Collateral | 55.90 | 23,374.00 |
| Asset Sales | 704.90 | 277,574.00 |
| Fee Petition | 6.50 | 2,728.00 |
| Claims Review/Objections | 104.50 | 42,346.00 |
| Certificate Litigation | 321.70 | 123,884.00 |
| Totals: | 1,569.90 | 624,821.00 |

Accordingly, as is requested in section III below, the Trustee seeks authority to (a) allow

A&G's fees and expenses under §330 of the Code in the amount of $634,047.64, and (b)

pay the outstanding balance of such fees and expenses totaling $73,705.10 (I) by

allowing A&G to apply the $10,000 retainer that A&G is holding to such amount, and

(II) pay the balance totaling $63,705.10 from the remaining Cash.

     iii.    Trustee's Accountants – Popowcer Katten, Ltd. -   The Trustee retained

the accounting firm of Popowcer Katten, Ltd. ("**PK**"), as his accountants in these Chapter

11 Cases by Order entered on September 6, 2012 (dkt. no. 155).  As is summarized

below, PK has incurred a total of $21,415.00 of fees and $159.00 of expenses, for a total

of $21,574 from October 2, 2012, to October 29, 2013, as accountants to the Trustee in

these Chapter 11 Cases, of which $8,766.40 remains unpaid, after applying $12,807.60

previously received from prior fees and expenses paid to PK under the Monthly Payment

Procedure.  Copies of PK invoices evidencing said fees and expenses are attached hereto

as **Exhibit C**:

Summary of PK Fees By Accountant:

| Accountant | Hours | Rate | Value |
|---|---|---|---|
| L. West | 13.2 | 230 | 3,036.00 |
| L. West | 65.8 | 240 | 15,792.00 |
| L. Popowcer | 1 | 310 | 310.00 |
| B. Glusak | 9.9 | 230 | 2,277.00 |
| Totals: | 89.9 | | 21,415.00 |

Accordingly, as is requested in section III below, the Trustee seeks authority to (a) allow

PK's fees and expenses under §330 of the Code in the amount of $21,574, and (b) pay of

the outstanding balance of such fees and expenses totaling $8,766.40 from the remaining

Cash.

       iv.    U.S. Trustee Fees – According to the Trustee's records and calculations,

there is or will be due to the U.S. Trustee's office fees in these Chapter 11 Cases under 28

U.S.C. §1930 totaling approximately $5,200 for the fourth quarter of 2013 (the

**"Outstanding US Trustee Fees"**).

b.    Lender's Secured, Priority, and Other Claims – As is summarized in subsections

B & C above, the Lender currently holds a prepetition allowed secured claim totaling

$2,156,589.81, and a Postpetition Claim totaling $195,825.62, which is also secured by

any remaining assets in the Chapter 11 Case and is a superpriority administrative claim,

subject only to the Carve-Out for the professional and other fees described above.  In

addition, as is explained in the Lender Settlement Order, the Lender has asserted

additional prepetition claims of in excess of $15 million.

c.    Other Unsecured Pre-petition Claims – A pre-petition claims bar date of

September 28, 2012, was established in these Chapter 11 Cases by Court Order entered

234140                       9

on August 7, 2012 (dkt. no. 145), and based upon the claims filed with this Court by that

deadline, the only other claims asserted in these cases consist of pre-petition unsecured

claims totaling about $7,250,000.

## III.    RELIEF REQUESTED

### A.    Remaining Assets and Proposed Distribution or Handling of Same

11.    Following the sale of the Facility last summer and the distribution of the Sale

Proceeds to the Lender, there remains no operations of the Debtor and no employees, and the

only known and remaining potential assets in these Chapter 11 Cases are as follows, and which

the Trustee proposes to dispose of, or deal with, as follows:

a.    Cash – There remains approximately $577,799 in cash in these Chapter 11

Cases. The Trustee proposes to distribute this Cash to satisfy (i) the outstanding and

unpaid fees and expenses of the Trustee and his professionals, A&G and PK, and the

outstanding U.S. Trustee fees described above in subsection (C) and totaling

approximately $404,286.63, (ii) any other expenses necessary to close or dismiss these

Chapter 11 Cases, subject to the Lender's consent, and (iii) the balance to go to the

Lender.  As stated, the Lender holds allowed liens and security interests in this Cash

subject only to the Carve-Out for the fees and expenses of the Trustee, his professionals,

and the U.S. Trustee's office.  Accordingly, these payments are permitted under the terms

of the Orders entered in these cases, including the Final Cash Collateral Order and

Lender Settlement Order, and also by the priorities established under the Code.  The

Trustee submits that this request for the allowance and payment of fees for the Trustee,

his professionals, and the Office of the U.S. Trustee be permitted herein, in the absence

of any separate motions filed pertaining to such requests, because (a) allowance and

payment of these fees only impact one creditor in these cases – the Lender – due to the

234140                                              10

fact that it holds significant, and the only, allowed secured claims against all of the

Debtors' assets that will be utilized to satisfy such claims, (b) to require separate motions

for allowance and payment of such fees and expenses will require significant additional

fees and expenses to be incurred by such parties, which additional fees and expenses will

be additional Carve-Out expenses payable from the Lender's collateral, thereby inuring

solely to the detriment of the Lender, and (c) the Lender has consented to this Motion and

the allowance and payment of these fees and expenses, and (d) counsel to the U.S.

Trustee has consented to the use of this consolidated Motion for the relief sought herein.

     b.    <u>Account Receivable and Bank Accounts</u> – According to the records of the

Debtors, there remains only one Medicaid account receivable totaling approximately

$2,032.30 expected from the State of Illinois (the "**A/R**"). The A/R is expected to be

deposited at some point in the future directly into one of the Debtors' remaining bank

accounts at the Lender. Since the Lender holds a lien on all A/R, the Trustee proposes to

permit the Lender to collect that A/R directly pursuant to its lien rights therein. In

connection therewith, the Trustee requests that (a) the A/R be abandoned under section

554 of the Code, and thereby, the Lender will be able to pursue its rights relating thereto,

and (b) the Trustee be authorized to close the Debtors' remaining bank accounts

following the distribution of the remaining Cash and the collection of the A/R (unless the

Lender consents to the closure of any of the accounts prior to the collection of the A/R).

     c.    <u>Sanctions Judgment</u> – In connection with the Asset Sale, an entity related

to the Debtors (Morris Healthcare & Rehabilitation Center, LLC ("**MHRC**")) and that

entity's attorney (Maurice Salem), were sanctioned by this Court for having violated the

automatic stay, and damages were assessed against them totaling $39,984 pursuant to this

Court's Orders entered on March 5, 2013 (dkt. no. 225), March 21, 2013 (dkt. no. 246),

234140                                      11

and April 5, 2013 (dkt. no. 275) (the "**Sanction Judgments**"). The Sanction Judgments

were appealed to the District Court several months ago (consolidated appeal case nos. 13

cv 2457 & 13 cv 2064), and the District Court recently issued its ruling (Dkt. No. 324)

affirming the vast majority of the Sanctions Judgment assessed against MHRC, but

remanding the Sanctions Judgments to this Court to recalculate or vacate a small portion

of said sanctions assessed against MHRC, and all of the sanctions assessed against Mr.

Salem. The Trustee, however, believes and requests that the Sanctions Judgments be

abandoned pursuant to section 554 of the Code for the following reasons: (a) any

recovery by the Trustee from the Sanction Judgments will be due and payable to the

Lender in any event because the Lender holds the Postpetition Claim which, under the

Final Cash Collateral Order and the current circumstances herein, is the only

superpriority administrative claim in these Cases, (b) as is detailed in category 5 of the

Trustee's counsel's fee statements attached hereto as Exhibit B, the Trustee has already

incurred significant costs in connection with the litigation associated with Sanction

Judgments, and he does not believe that there will be further benefit to any creditor, other

than the Lender, to continue to incur further expense in trying to collect that potential

claim either through the remanded proceedings and then possible further appeals if the

appellants' again appeal those Orders, or through what may likely be contested collection

efforts should no further appeals be filed. As stated, the Lender has consented to this

abandonment.

     d.    <u>Books and Records</u> – The Trustee has possession of approximately 8

bankers boxes of books and records pertaining to the Debtors (the "**Books and**

**Records**"), which by this Motion, he seeks authority to retain for a period of at least 1

234140                  12

year, after which time, he would, in his discretion, destroy or otherwise dispose of any or
all of such records.

e.      Other Unknown Assets and Investigations In Connection Therewith –
During these Chapter 11 Cases, the Trustee was able to conduct preliminary
investigations in connection with prepetition transfers or activity of these Debtors.  In the
course of those investigations, the Trustee discovered numerous questionable transactions
that require further review and formal discovery before any conclusion could be drawn
about whether they constitute avoidable transfers, including (a) alleged payments to
creditor insiders or affiliates of the Debtors listed in the statement of financial affairs
totaling in excess of $140,000, (b) amounts allegedly due from entities affiliated with the
Debtors totaling in excess of $591,000 according to the Debtors' year end financial
records, (c) numerous prepetition transfers to more than 20 bank accounts belonging to
alleged affiliated entities of the Debtors, and (d) several questionable transfers listed on
prior tax returns of the Debtors.   To complete a full investigation into these alleged
transactions, however, the Trustee would need to conduct significant and expensive
forensic accounting and other related discovery in order determine whether these alleged
transfers give rise to potential causes of action for these estates.  After conferring with the
Lender, however, the Trustee has learned that virtually all of these affiliated entities or
individuals that allegedly received these transfers or that may owe certain amounts to the
Debtors, are either no longer operating, have been foreclosed upon by the Lender, or are
entities or individuals against whom the Lender currently holds significant judgments.
As a result, the Lender has refused to consent to the Trustee's use of further Cash
Collateral to fund any further investigation.  In addition, the Trustee has contacted at least
two lawyers that typically pursue avoidance actions in bankruptcy cases on a contingency

234140                                    13

fee basis, both of whom have turned down his request to be retained on that basis in these cases with respect to any of the foregoing matters for the reasons stated above.

Accordingly, given the circumstances described above, including the lack of any funds to pursue further investigation and the lack of any interest by the main creditor in these cases in any such further investigation, the Trustee does not believe it feasible or prudent to deal with these matters in these Chapter 11 Cases.

**B.    Request to Close Cases or, in the alternative, to Dismiss these Cases**

13.    The Trustee requests that, subject to the few remaining distributions or transfers of the remaining assets described above in subsection (A), these Chapter 11 Cases be closed pursuant to section 350 of the Code.

14.    Section 350(a) provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case".  Here, these Estates have been fully administered and there is nothing left to do but distribute the few remaining assets as requested above.  The foregoing distributions are really only ministerial tasks given that these remaining assets are fully encumbered by only one creditor, and that creditor, the Lender, has and does consent to this Motion.  See, In the Matter of Wade, 991 F.2d 402, 407 (7th Cir. 1993)(case may be closed even if only ministerial tasks remain to be completed; a ministerial task is one that does not involve complex legal issues).  In addition and as stated, counsel for the U.S. Trustee has also consented to the utilization of this combined motion for the relief requested herein in order to close these cases, given the circumstances described above.[i]

15.    Indeed, given the circumstances of these Chapter 11 Cases, with the Lender holding more than $2,300,000 of secured allowed claims and there being less than $600,000 of remaining assets, all of which are subject to those liens, there should be no standing for any party, other than the Lender, with respect to the relief sought herein, since there is no chance that

234140                                                      14

any assets in these Estates will be distributed to any other creditor than the Lender.  See, In re

Cult Awareness Network, Inc., 151 F.3d 605, 610 (7th Cir. 1998)(Recognizing that a party has no

standing in a bankruptcy matter because no matter how the estate's assets are distributed, no

assets will revert to it).

      16.     Nonetheless, the Trustee has served this Motion by at least 21 days notice (a)

without exhibits, on all creditors listed in the Debtors schedules or who have filed proof of

claims, the Internal Revenue Service, the Illinois Department of Revenue, and the Buyer, and (b)

on all parties of record in the Chapter 11 Cases and the U.S. Trustee.

      WHEREFORE, Gregg Szilagyi, not individually, but solely as the duly appointed and

serving Chapter 11 trustee, respectfully requests the entry of the Order attached hereto and that

he be awarded such other and further relief as is otherwise just and equitable.

      Respectfully submitted,

      GREGG SZILAGYI, CHAPTER 11 TRUSTEE For
the Estates of Morris Senior Living, LLC, and
Morris Real Estate Holdings II LLC

      By:  /s/ Brad A. Berish          
          One of his attorneys

BRAD A. BERISH, ESQ. (ARDC#06200891)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Blvd., Suite 1050
Chicago, Illinois 60604
Tel (312) 435-1050
Fax (312) 435-1059
**Counsel for the Chapter 11 Trustee**

---

[i]    In the alternative, the Trustee requests that the Chapter 11 Cases be dismissed, however, if they are to be dismissed rather than closed, then the Trustee also requests that (a) the relief sought in subsection (A) above be granted, and (b) all Court Orders entered in these Chapter 11 Cases retain their effect notwithstanding the impact of section 349(b) of the Code.  The Trustee submits that cause for dismissal is satisfied under §1112(b) of the Code because all assets of the Estates are collateral for the Lender and there will be no assets for a Chapter 7 trustee to administer if the Cases were converted instead.  See, In re Fall, 405 B.R. 863, 871 (Bankr. N.D. 2008)(dismissal rather than conversion was appropriate where the estate as a whole lacked equity); In re Pittsfield Weaving Co., 393 B.R. 271, 276 (dismissal rather than conversion was appropriate where the appointment of a Chapter 7 trustee would cost the estate additional administrative expenses).

234140                    15